# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Theophilus James Keaton, | ) | Civil Action No. 9:18-2041-RMG |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Warden Bonita Mosley, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 7) recommending that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 be dismissed without prejudice. For the reasons set forth below, the Court adopts the R & R as the order of the Court and the Petition is dismissed without prejudice.

## I.  Background

Petitioner Theophilus James Keaton is a prisoner at the Federal Correctional Institution Edgefield who has filed a *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) Petitioner was found guilty by a jury on multiple counts related to possession of a firearm and a controlled substance, and in April 2012 was sentenced by the District Court for the Southern District of Florida to a term of 360 months imprisonment and four years of supervised release. At trial, the government offered evidence of Petitioner's prior convictions from 1997, 2008 and 2009. In April 2014, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied by the Southern District of Florida and affirmed by the Eleventh Circuit.

Petitioner now asserts that his prior federal sentence was made unlawful pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *United States v. Davis*, 720 F.3d 215 (4th Cir.

2013) because the sentencing court incorrectly counted a consolidated offense as multiple offenses and that the sentencing court incorrect considered offenses for which he had not been sentenced to imprisonment for greater than a year and a day. (Dkt. No. 1.) The Magistrate Judge recommended that the petition should be dismissed without prejudice. (Dkt. No. 7.) Petitioner filed Objections to the Magistrate Judge's R & R. (Dkt. No. 9.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Petitioner filed objections, therefore the R & R is reviewed *de novo*.

## III. Discussion

The Court finds that the Magistrate Judge correctly concluded that the action should be dismissed. As discussed in the R & R, a petitioner cannot challenge his federal conviction and sentence pursuant to 28 U.S.C. § 2241 unless he demonstrates that a motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). The petitioner here is solely challenging his federal conviction, arguing that it was improperly enhanced based on a consolidated state

conviction and that prior convictions did not include a term of imprisonment greater than a year. (Dkt. No. 1 at 2.)

To demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, the petitioner must establish that:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions § 2255(h)(2) for the second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).[1]

Petitioner argues, both in his petition and objections, that he is able to meet the *Wheeler* test. Petitioner argues that his sentence was made retroactively unlawful by the Fourth Circuit in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). The Magistrate Judge correctly concluded that neither of these cases satisfy the requirements of § 2255(e). *United v. Simmons* amended the method by which a prior North Carolina conviction is considered a felony under federal sentencing laws. However, *Simmons* was decided and rendered retroactive in 2013,[2] prior to the filing of Petitioner's first § 2255 in April

---

[1] In the first instance, Petitioner objects that the Magistrate Judge improperly "recharacterize[d]" his § 2241 petition as a § 2254 petition without notifying the Petitioner. (Dkt. No. 1-1.) However, this is incorrect. To begin with, the Magistrate Judge correctly applied the four-part *Wheeler* test to determine whether he could bring a petition challenging his sentence pursuant to § 2241. Second, the Magistrate Judge was permitted to use as guidance the Rules Governing Section 2254 Cases in the United States District Courts, which explicitly states in Rule 1(b) that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."

[2] *Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013) (holding that *Simmons* applies retroactively).

2014. Furthermore, *Simmons* did not change how a Florida or South Carolina conviction, such as Petitioner's, are considered for sentencing and therefore does not affect Petitioner sentence.

Petitioner's reliance on *United States v. Davis* similarly does not satisfy the requirements of § 2255(e). Again, the decision was based on North Carolina law, and is inapplicable to Petitioner's prior convictions and does not affect his sentence. *See* 720 F.3d at 219 ("We hold today that where a defendant receives a 'consolidated sentence'...*under North Carolina law*....") (emphasis added). Furthermore, *Davis* predates Petitioner's first § 2255 motion, and is not retroactive on collateral review. *See United States v. Brightman*, No. CR 2:03-627-SB, 2016 WL 9805154, at *2 (D.S.C. Jan. 22, 2016), *aff'd*, 647 F. App'x 180 (4th Cir. 2016) ("*Davis*...does not provide a new rule of constitutional law made retroactive to cases on collateral review....").

Petitioner, in his objections, for the first time points to *Hill v. Masters*, 836 F.3d 591, 597 (6th Cir. 2016), a case decided after his first § 2255 motion. However, *Hill*, in addition to being a Sixth Circuit decision, only goes to the issue of whether a retroactive change rendered his sentence a "miscarriage of justice," and did not change or discuss the substantive settled law affecting his sentence. Furthermore, Petitioner included an argument that a complaint filed *in forma pauperis* and dismissed under Rule 12(b)(6) is not automatically frivolous, relying on *Neitzke v. Williams*, 490 U.S. 319 (1989). (Dkt. No. 9 at 1 – 3.) However, the R & R made no ruling regarding whether Petitioner's filing was frivolous. Finally, Petitioner's renewed an argument alleging ineffective assistance of counsel at his trial and sentencing. This argument challenges his conviction and sentence, was already dismissed in Petitioner's first § 2255 motion, and Petitioner cannot meet the *Wheeler* test. *See White v. Savage*, No. CIV.A. 2022013-23, 2002 WL 32078922, at *3 (D.S.C. July 30, 2002), *aff'd*, 50 F. App'x 641 (4th Cir. 2002) ("'ineffective assistance of counsel,' also suggests a challenge to his conviction and sentence....").

As a result, this Court lacks jurisdiction and, as the Magistrate Judge noted, Petitioner's potential remedy is to seek permission from the United States Court of Appeals for the Eleventh Circuit to file a successive § 2255 petition in the District Court for the Southern District of Florida, in which he was sentenced.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 7) is **ADOPTED** as the order of the Court and Petitioner's petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE.**[3]

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner cannot meet the test laid out in *Wheeler*. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

---

[3] *Platts v. O'Brien*, 691 F. App'x 774 (4th Cir. 2017) ("However, because the district court lacked jurisdiction over [the] § 2241 petition...the dismissal of [the] challenges to his convictions and restitution order is without prejudice....").

Richard Mark Gergel
United States District Court Judge

October 12, 2018
Charleston, South Carolina